IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOYCE EVANS, ET AL., | ) | |
| Plaintiffs, | ) | No. 06-439C |
| v. | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFFS' BRIEF OPPOSING DEFENDANT'S MOTION TO DISMISS

Plaintiffs' brief in opposition to our motion to dismiss their case for failure to state a claim confirms that plaintiffs voluntarily subject their raisins to the regulatory action that they challenge. They state at paragraph 10 of their brief that "[p]roducers deliver all their raisins to a packer . . .," and they do not contest that they do so knowing their raisins will be subject to the Raisin Marketing Order and the reserve pool mechanism in crop years in which a reserve is in effect. Therefore, their protestations of physical appropriation to the contrary, plaintiffs are responsible for handlers setting aside a portion of their raisins in a reserve pool. Because the Raisin Marketing Order applies not to producers acting only as producers, but only to handlers, Lion Raisins, Inc. v. United States, 416 F.3d 1356, 1359 (Fed. Cir. 2005), if plaintiffs did

not deliver their raisins to a handler, no handler could set aside a portion of their raisins in a reserve pool.[1]

Plaintiffs are able to avoid any alleged losses that arise from handlers setting aside raisins in a reserve pool by not delivering their raisins to handlers. If, however, they wish to market their raisins in a manner that subjects those raisins to the reserve pool mechanism, the reserve pool mechanism is the price of entering that market. Cf. Cal-Almond, Inc. v. United States, 30 Fed. Cl. 244, 247 (1994) (agreeing that almond producers did not have a right to market their almonds free of regulatory controls and thus suffered no compensable intrusion upon their interests in almond crop), aff'd, 73 F.3d 381 (Fed. Cir. Dec. 20, 1995) (table), cert. denied, 519 U.S. 963 (1996) Plaintiffs, after all, do not challenge the Government's right to regulate the raisin market. The Court should reject plaintiffs' estoppel argument because the action to which they refer at page 12 of their brief involved the action of producers engaging in regulated activities as handlers. Plaintiffs make clear at paragraph nine of their complaint that this action involves only the action of producers acting in their capacity as producers.

---

[1] Because in this action plaintiffs raise claims as producers only (Complaint ¶ 9) - not producers who are deemed handlers pursuant to the regulation - the Court should disregard any challenge by plaintiffs to 7 C.F.R. §§ 989.14 or 989.15. In addition, the Court should disregard any challenge to 7 C.F.R. §§ 989.65 or 989.67-989.72, which plaintiffs do not challenge in their complaint.

We agree that Kaiser Aetna v. United States, 444 U.S. 164, 172 (1979), and Yancey v. United States, 915 F.2d 1534, 1540 (Fed. Cir. 1990), stand for the proposition that "[t]here should be no 'blanket exception to the Takings Clause whenever Congress exercises its Commerce Clause authority . . . .'" However, those cases are very different than this case. In Kaiser Aetna, 444 U.S. at 180, the issue was whether the Government could impose a public easement upon what was, before the owners' improvements, a private pond. In Yancey, 915 F.2d at 1542, the issue was whether the Government owed compensation for the quarantining of healthy turkeys. This case, by contrast, involves the marketing of an agricultural commodity in interstate commerce, the Government's exercise of legitimate power over which has been repeatedly upheld against takings claims. E.g., United States v. Rock Royal Co-Op., Inc., 307 U.S. 533, 541, 569, 581 (1939); Carruth v. United States, 627 F.2d 1068, 1081 (Ct. Cl. 1980); Wallace v. Hudson-Duncan & Co., 98 F.2d 985, 988-90 (9th Cir. 1938); Cal-Almond, 30 Fed. Cl. at 247. Except to state at paragraph 35 of their brief that those cases are regulatory takings cases, plaintiffs make no attempt to distinguish those cases from this case.

For the foregoing reasons and those set forth in our motion brief, we respectfully request that the Court dismiss the

complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 514-4325
Fax: (202) 514-7965

September 12, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on September 12, 2006, a copy of the foregoing Defendant's Reply To Plaintiffs' Brief Opposing Defendant's Motion To Dismiss was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail