IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOYCE EVANS, ET AL., | ) | |
| Plaintiffs, | ) | No. 06-439C |
| v. | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION
TO APPLICATION TO FILE BRIEF AMICUS CURIAE
OF PACIFIC LEGAL FOUNDATION IN SUPPORT OF PLAINTIFFS

Defendant, the United States, opposes the application of Pacific Legal Foundation ("PLF") to file an amicus brief in support of plaintiffs in this action. There is no right to file an amicus brief in this Court; rather, the decision whether to allow participation by amici curiae is left entirely to the discretion of the Court. Fluor Corp. & Affiliates v. United States, 35 Fed. Cl. 284, 285 (1996). In exercising that discretion, the Court considers such factors as whether the parties oppose the motion, the strength of information and argument presented by the potential amicus curiae's interests, the partisanship of the moving entity, the adequacy of the current representation, the timeliness of the motion, and, perhaps most importantly, the usefulness of information and argument presented by the potential amicus curiae to the Court. Wolfchild v. United States, 62 Fed. Cl. 521, 536 (2004).

The interest of the movants is another factor the Court considers. Fluor Corp., 35 Fed. Cl. at 285. Where the Court's decision would not directly affect the rights of a potential amicus or set a controlling precedent regarding a claim of a potential amicus, denial of leave to file an amicus curiae brief may be appropriate. See id. Courts have frowned upon participation that simply allows the amicus to litigate its own views, or to simply present its version of the facts. American Satellite Co. v. United States, 22 Cl. Ct. 547, 549 (1991). Moreover, an amicus should not be partisan. See New England Patriots Football Club, Inc. v. University of Colorado, 592 F.2d 1196, 1198 n.3 (1st Cir. 1979).

PLF does not address those factors directly, but there is no indication that plaintiffs are not adequately represented in this action. In fact, of counsel to plaintiffs is Brian C. Leighton, who, in Lion Raisins, Inc. v. United States, 416 F.3d 1356 (Fed. Cir. 2005), counseled other litigants who asserted takings claims involving the Raisin Marketing Order at issue in this action. There is no indication that this Court’s decision in this case would affect any rights of PLF, and PLF makes no pretense of impartiality; rather, it states that it wants to file a brief supporting plaintiffs. In addition, the arguments that PLF proposes in its amicus brief are essentially the same arguments

that plaintiffs have set forth in their complaint and in their brief in opposition to our motion to dismiss this action.

For the foregoing reasons, we respectfully request that the Court deny the application of Pacific Legal Foundation to file an amicus brief in this action.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 514-4325
Fax: (202) 514-7965

September 12, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on September 12, 2006, a copy of the foregoing Defendant's Opposition To Application To File Brief Amicus Curiae Of Pacific Legal Foundation In Support Of Plaintiffs was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail