**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| EVANS, et al. | ) | Case No. 1:06-cv-00439-CFL |
| | ) | |
| Plaintiff(s), | ) | Charles F. Lettow, Presiding |
| | ) | |
| v. | ) | **PLAINTIFFS' POST – ARGUMENT** |
| | ) | **SUBMISSION of ADDITIONAL** |
| | ) | **AUTHORITIES at the COURT'S** |
| UNITED STATES OF AMERICA, | ) | **REQUEST** |
| | ) | |
| Defendant. | ) | |

On November 21, 2006 oral arguments were presented to this Court on the Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. During the hearing the Court inquired about whether or not there are any administrative remedies pursuant to the Agricultural Marketing Agreement Act (7 U.S.C. §§ 601 *et seq*.) (AMAA) that Plaintiffs could pursue. The government's counsel was not aware of, and did not believe there are, any administrative remedies available under the AMAA. Plaintiffs' counsel assert there are no administrative remedies available. The parties are not in discord on this point. The court requested Plaintiffs' counsel to file a short brief citing said cases.

Under the AMAA, and specifically under 7 U.S.C. § 608c(15)(A), and again in the Rules of Practice (7 C.F.R. § § 900.51(i) & 900.52(a) an administrative proceeding can be instituted only by a "handler" subject to a marketing order. No appellate decision is known to recite these provisions of statutory and regulatory law. Of course, they are the law nonetheless. The USDA recognizes this is so.

The USDA Judicial Officer repeatedly rules that producers have no administrative remedies for challenging a marketing order under the AMAA. *In re Kent Cheese Company, Inc.*, 43 Agric. Dec. 34, 36 (1984); *In re M&R Tomato Distributors, Inc.*, 41 Agric. Dec. 33 (1982); *In re Sequoia Orange Company*, 40 Agric. Dec. 1908 (1981); *In re Asakawa Farms, Inc.*, 50 Agric. Dec. 1144, 1149 (1991).

In addition, in *In re Jet Farms, Inc.*, 50 Agric. Dec. 1373, 1416 (1991) the AMAA would allow a "handler" limited monetary relief in the form of equitable restitution, but there "is no authorization...for consequential damages." *Id.* at 1416. Compensation for TAKINGS is not equitable restitution – and Plaintiffs are not handlers.

*In re Jet Farms, Inc.* is cited by the Federal Circuit Court of Appeals in *Lion Raisins, Inc. v. United States*, 416 F.3d 1356, 1372 (Fed. Cir. 2005).

No case has ever held that "producers" have any administrative remedies before USDA with respect to a marketing order, such as the one that exists in this case, and even if one did so exist (which it does not) an administrative remedy cannot include damages for which the Plaintiffs seek in this case.

By: /s/ David a. Domina
David A. Domina (Attorney of Record)
Domina Law Group pc llo
2425 S. 144th Street
Omaha, NE 68144-3267
(402) 493-4100
dad@dominalaw.com

Brian C. Leighton (Of Counsel)
701 Pollasky Avenue
Clovis, CA 93612
(559) 297-6190
bleighton@arrival.net

Attorneys for the Named Plaintiffs

**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **Evans et al.** | **Case No. 1:06-cv-00439-CFL** |
| **Plaintiffs,** | **Charles F. Lettow, Presiding** |
| **v.** | **Certification of Service** |
| **United States of America,** | |
| **Defendant.** | |

I hereby certify on November 28, 2006, I filed **Plaintiffs' Post-Argument Submission of Additional Authorities at the Court's Request** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing all to Counsel of Record.

Timothy Paul McIlmail
U. S. Department of Justice
Civil Div. - Commercial litigation Br.
1100 L Street, NW
8th Floor
Washington, DC 20530
timothy.mcilmail@usdoj.gov
202-514-7965

***/s/ David A. Domina***
David A. Domina
Counsel of Record for Named Plaintiffs