IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOYCE EVANS, ET AL., Plaintiffs, | ) | No. 06-439C |
| v. | ) | (Judge Lettow) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' POST-ARGUMENT SUBMISSIONS OF ADDITIONAL AUTHORITIES AT THE COURT'S REQUEST

Defendant, the United States, agrees with plaintiffs that the Agricultural Marketing Agreement Act ("AMAA"), 7 U.S.C. §§ 601-608c, does not provide producers an administrative remedy to challenge a marketing order. It is not surprising that § 608c does not contain such a remedy, because the Raisin Marketing Order does not regulate the activities of producers. See Lion Raisins, Inc. v. United States, 416 F.3d 1356, 1359 (Fed. Cir. 2005). If one acts as a handler, however, one brings oneself within the reach of the AMAA and the marketing order. A handler means:

> (a) Any processor or packer; (b) any person who places, ships, or continues natural condition raisins in the current of commerce from within the area to any point outside thereof; (c) any person who delivers off-grade raisins, other failing raisins or raisin residual material to other than a packer or other than into any eligible non-normal outlet; or (d) any person who blends raisins: Provided, That blending shall not cause a person not otherwise a handler to be a handler on account of such blending if he is either: (1) A producer who, in his capacity as a producer, blends raisins entirely of his own production in the course of his usual and customary practices of preparing raisins

> for delivery to processors, packers, or dehydrators; (2) a person who blends raisins after they have been placed in trade channels by a packer with other such raisins in trade channels; or (3) a dehydrator who, in his capacity as a dehydrator, blends raisins entirely of his own manufacture.

7 C.F.R. § 989.15 (2004).

Because the Raisin Marketing Order only regulates the activities of handlers, it makes sense that 7 U.S.C. § 608c provides only handlers a remedy to challenge its implementation. In any case, during the November 21, 2006 oral argument upon the Government's motion to dismiss, the Court raised the question of administrative remedies in the context of a producer's ability to obtain review of its equity interest in a reserve pool. Nov. 21, 2006 Transcript at 57. This case does not include such a claim; indeed, although plaintiffs allege that they receive little or no "payments" as a result of their equity interest in the reserve pool (Complaint ¶¶ 36.3, 45), they do not allege that the Government has taken their equity interest in the reserve pool. Rather, plaintiffs allege that, through the reserve pool remedy, the Government "forcibly confiscates" a portion of their raisin crop and takes their raisins. See Complaint ¶¶ 25, 47. Because, for the reasons set forth in our briefs in support of our motion to dismiss, plaintiffs' complaint does not state a claim upon which relief can be granted pursuant to the Takings Clause of the Fifth Amendment; whether the AMAA provides an administrative remedy to them is not relevant to this action.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 514-4325
Fax: (202) 514-7965

December 6, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on December 6, 2006, a copy of the foregoing Defendant's Response To Plaintiffs' Post-Argument Submissions Of Additional Authorities At The Court's Request was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail