IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JOYCE EVANS, ET AL., Plaintiffs, | |
| v. | No. 06-439C (Judge Lettow) |
| THE UNITED STATES, Defendant. | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' CITATION TO AND RELIANCE UPON IN RE: SAULSBURY ENTERPRISES FOR THE FIRST TIME DURING NOVEMBER 21, 2006 ORAL ARGUMENT

During oral argument, in response to the Government's argument that raisin producers can sell their raisins to someone other than a handler, even at "a roadside stand," without the buyer having to set aside a portion of those raisins in a reserve pool (Nov. 21, 2006 Transcript ("Tr.") at 57), plaintiffs, through counsel, cited for the first time to In Re: Saulsbury Enterprises, 55 Agric. Dec. 6 (1996) (available at 1996 WL 255728), for the proposition that the Government fined raisin growers for putting raisins in the stream of interstate commerce because they did not deliver the raisins to a handler. Tr. at 35-36, 42-43. Saulsbury Enterprises, however, does not stand for that proposition.

In Saulsbury Enterprises, the issue was whether the product that the respondents in Saulsbury Enterprises shipped to Canada was raisins subject to the Raisin Marketing Order. 55 Agric. Dec. 6 at *6. Raisins acquired by handlers are subject to the

Raisin Marketing Order when they meet the incoming inspections requirements of the order. 7 C.F.R. § 989.58 (2004). Pursuant to 7 C.F.R. § 989.15(b) (2004), a handler includes "any person who places, ships, or continues natural condition raisins in the current of commerce from within the area to any point outside thereof (emphasis added)." "Area" means the State of California. 7 C.F.R. § 989.4 (2004). Therefore, Saulsbury Enterprises, which involved raisins shipped outside the State of California, does not stand for the proposition that producers could not sell their unprocessed raisins to a buyer within the State of California without that buyer necessarily being a handler who would have to set aside a portion of those raisins in a reserve pool; rather, it stands for the proposition that a raisin producer cannot ship unprocessed raisins outside the state without becoming a handler. 55 Agric. Dec. at *9. Consequently, Saulsbury Enterprises does not contradict our argument that raisin producers can sell their raisins to someone other than a handler without the buyer having to set aside a portion of those raisins in a reserve pool, because it does not address a situation in which a producer sells unprocessed raisins to a buyer within the State of California, whose raisins are then acquired by a handler within the state.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 514-4325
Fax: (202) 514-7965

December 6, 2006

Attorneys for Defendant